IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ALLAN TRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 6194 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN,[1] ) | Jeffrey T. Gilbert |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On August 7, 2012, Claimant James Allan Trump ("Claimant") filed an action challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. Compl., ECF No. 1. Pursuant to 42 U.S.C. § 405(g), this Court entered judgment for Claimant on July 1, 2014, and remanded the case to the Social Security Administration. Mem. Op. Order, ECF No. 27. Claimant now asks the Court to award him his attorney's fees under the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412.

Claimant initially sought attorney's fees in the amount of $12,565.89, plus additional costs of $108.60, for a total amount of $12,674.49. Cl.'s Mot. for Att'y Fees 1, ECF No. 29. The Commissioner filed a response brief objecting to some of these fees and expenses, arguing, among other things, that the hourly rate Claimant sought was too high and that Claimant's attorney's descriptions of some of her billed hours were vague and/or excessive. Comm.'s Resp.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to Cl.'s Mot. for Att'y Fees, ECF No. 31. Claimant sought hourly rates exceeding the $125 statutory cap for attorney's fees, arguing that a cost-of-living adjustment warranted the higher rate and that he met the burden then applicable for obtaining the adjustment. *Id.* at 5. After Claimant filed his Motion for Attorney's Fees, however, the Seventh Circuit issued an opinion setting forth a new standard for obtaining a cost-of-living adjustment for an attorney's hourly rates under the EAJA. *Sprinkle v. Colvin*, __ F.3d __, 2015 WL 301182 (7th Cir. Jan. 23, 2015).

In light of the Seventh Circuit's opinion in *Sprinkle*, the Court requested that Claimant supplement his Motion for Attorney's Fees with information necessary to meet the new standard for obtaining a cost-of-living adjustment for his attorney's hourly rates. ECF No. 33. Claimant filed a supplement to his Motion for Attorney's Fees on February 9, 2015, and now seeks a total amount of $12,197.23 under the EAJA. Cl.'s Supplement, ECF No. 34.[2] The Commissioner filed a supplemental brief objecting to some of the fees and expenses requested by Claimant in her supplemental submission. Comm.'s Supplement, ECF No. 35. For the reasons set forth below, Claimant's Motion for Attorney's Fees, Expenses and Costs under the EAJA (ECF No. 29) is granted in part and denied in part.

## LEGAL STANDARD

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees and other expenses accrued in the process of litigation. *See* 28 U.S.C. § 2412(d). In order to recover fees under the EAJA, the prevailing plaintiff must establish that: (1) he is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust;

---

[2] Claimant's supplement to his Motion for Attorney's Fees appears to have been filed as a separate motion. The Court strikes this motion (ECF No. 34) and instead incorporates Claimant's supplemental filing into his Motion for Attorney's Fees (ECF No. 29).

and (4) his application for fees is timely filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155 (1990); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

## DISCUSSION

The Commissioner does not dispute that Claimant is a prevailing party and that Claimant filed a timely application for fees. The Commissioner argues, however, that her position was substantially justified, and objects to the hourly rate sought by Claimant for the work his attorney performed and the number of hours that Claimant's attorney spent litigating the case. Comm.'s Resp. to Cl.'s Mot. for Att'y Fees, ECF No. 31; Comm.'s Resp. to Cl.'s Supplement, ECF No. 34. The Commissioner also requests that the Court deny Claimant's request for costs and that any fees be paid directly to Claimant. Comm.'s Resp. to Cl.'s Mot. for Att'y Fees, ECF No. 31. The Court addresses each argument in turn below.

### 1. Substantial Justification

The Commissioner first argues that her position was substantially justified and, as such, Claimant's attorney is not entitled to fees. *Id.* at 2-4. The Commissioner has the burden of proving that the government's position was substantially justified. *Comm'r, INS v. Jean*, 496 U.S. at 155; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Stewart*, 561 F.3d at 683. The Court explained in its Memorandum Opinion and Order that the ALJ did not sufficiently explain how she weighed the medical evidence from Dr. DePhillips, the neurosurgeon who performed Claimant's back surgery, and did not explain how the State agency physicians' opinions were consistent with the medical record. Mem. Op. Order, ECF No. 27.

In her opposition to Claimant's Motion for Attorney's Fees, the Commissioner submits nothing of substance in support of her argument that the government's position was substantially justified except the conclusory statement that "the issues necessitating remand was [sic] not so

3

pervasive as to render the Commissioner's overall position unreasonable." Comm.'s Resp. to Cl.'s Mot. for Att'y Fees 4, ECF No. 31. The Commissioner briefly acknowledges the reasons the Court remanded Claimant's claim to the Social Security Administration, but does not address any of the specific facts relating to the claim and does not offer any reason why the government's position was substantially justified. *Id.* at 3.

Instead, the Commissioner simply advises the Court that the "substantial justification" standard in EAJA claims differs from the "substantial evidence" standard utilized in reviewing the merits of an ALJ's disability determination and cautions the Court that Congress did not intend the EAJA to automatically award attorney's fees to prevailing parties. *Id.* at 2-3. The Commissioner does not meet her burden simply by reciting case law and general legal principles without addressing any of the facts of this case and without offering any argument as to why her position in this case was substantially justified. The Commissioner's argument in this regard is, therefore, without merit.

### 2. Hourly Rate

Pursuant to the EAJA, an award for attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Congress last modified the EAJA compensation arrangement in 1996, almost 20 years ago, raising what had been a $75 maximum hourly rate to the statute's current $125 maximum hourly rate. *See id.* Since then, the Seventh Circuit has determined that, "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008).

4

Prior to the Seventh Circuit's recent opinion in *Sprinkle v. Colvin*, __ F.3d __ (7th Cir. 2015), if a claimant relied on inflation to justify an hourly fee rate higher than $125, he was required to show that inflation actually increased his attorney's cost of providing adequate legal service. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011), *overruled by Sprinkle*, __ F.3d __. As noted above, *Sprinkle* set forth a new standard for obtaining a cost-of-living adjustment for hourly rates under the EAJA. Claimants are no longer required to prove the effect of inflation on their individual attorney's costs. *Sprinkle*, __ F.3d __. Instead, the Consumer Price Index ("CPI") now "suffices as proof of an increase in the cost of living," and the court "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Id.*

The Seventh Circuit made clear, however, that that the new standard set forth in *Sprinkle* "does not create an automatic entitlement to fee enhancements." *Id.* To justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* Courts may not award claimants inflation-adjusted rates that are higher than the prevailing market rate. *Id.*

Claimant initially sought an award of attorney's fees at the rates of $184.32 per hour for 2012 and $187.02 per hour for 2013. Cl.'s Mot. for Att'y Fees 1, ECF No. 29. Claimant explained that these rates were "calculated by adding the effects of national inflation as shown in the CPI-U since the EAJA's enactment in 1996." *Id.* at n.2. Although Claimant did not provide any actual calculations showing how he arrived at his original proposed hourly rate, the Court presumes, based on the rates provided, that Claimant arrived at the 2012 figure by using the

5

National CPI-U figure for December 2012 (229.601), dividing that by the National CPI-U figure for March 1996 (155.7), and then multiplying that ratio by $125 to arrive at $184.32.

It is unclear why Claimant used only the December 2012 CPI figure to calculate the 2012 hourly rates, as his attorney performed work in July, August, and October of that year as well. In calculating his attorney's 2013 hourly rate, it appears as though Claimant used the same formula but replaced the December 2012 National CPI figure with the 2013 annual average National CPI-U (232.957) to arrive at $187.02. Again, it is unclear why Claimant used the 2013 annual average, as the only month that year in which his attorney billed any hours was March.

Following *Sprinkle*, the Court ordered Claimant to recalculate his proposed hourly fee rate using the inflation-adjusted rate according to the Chicago-Gary-Kenosha regional CPI-U for the dates on which all legal services were performed.[3] ECF No. 33. Claimant's supplemental filing calculates the new hourly rate using the regional CPI-U as ordered. Cl.'s Supplement, ECF No. 34. For 2013, Claimant arrived at a proposed hourly rate of $179.49 for all hours performed. *Id.* This rate is proper, as it is based on the March 2013 regional CPI index, and March is the only month in 2013 during which Claimant's attorney worked.

Claimant's new proposed hourly rate of $177.41 for work performed in 2012, however, is not entirely accurate. In reaching that rate, Claimant appears to have used only the December 2012 regional CPI figure for all work performed that year regardless of the month in which it occurred. The Commissioner suggests that Claimant's proposed 2012 rates should be adjusted with reference to the month in which the legal services were performed. Comm.'s Resp. to Cl.'s Supplement, ECF No. 35. The Court agrees. *See* Sprinkle, __ F.3d __ (courts "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services

---

[3] *Sprinkle* explicitly left discretion with the district courts to determine whether to adopt the national CPI or a regional CPI in specific cases. *Sprinkle*, __ F.3d __. This case was filed in the Chicago metropolitan area. The Court finds it appropriate to calculate Claimant's attorney's fees using the Chicago-Gary-Kenosha regional CPI-U.

6

were performed"); ECF No. 33 (directing Claimant to supplement his fee petition "using the dates on which the legal services were performed"). Accordingly, the proper hourly rates for 2012 are as follows: $177.23 for July, $178.31 for August, $178.52 for October, and $177.41 for December.

This rate is in line with the prevailing market rate. Claimant's supplemental filing contains affidavits from Ellen C. Hanson, his attorney, and Donald J. Hanrahan, another attorney admitted to practice in this District. Cl.'s Supplement, ECF No. 34. Ms. Hanson states in her affidavit that her standard non-contingent hourly billing rate is $185 at the administrative level. *Id.* Mr. Hanrahan states in his affidavit that the non-contingent hourly market rate for average-quality work in Social Security litigation by an attorney with Ms. Hanson's experience is $260-300. *Id.* Although Mr. Hanrahan is admitted to practice in this District, he is based in Springfield, Illinois. Cl.'s Supplement 6, ECF No. 34. Accordingly, the Court is satisfied that hourly rates between $177.23 and $179.49 are appropriate. *See Sprinkle*, \_\_ F.3d \_\_ (noting that a single sworn statement from a claimant's attorney setting forth the prevailing market rate for comparable legal services may be sufficient to show that the rate requested in an EAJA fee petition is in line with the prevailing market rate).

### 3. Number of Hours

Claimant represents that his attorney spent 68 hours litigating his claim. Cl.'s Mot. for Att'y Fees Exh. A, ECF No. 29-1; Cl.'s Supplement, ECF No. 34. The prevailing party has the burden of proving that the number of hours worked was reasonable, and fee requests that are "excessive, redundant, and otherwise unnecessary" should be denied. *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *1 (N.D. Ill. June 4, 2012) (citing *Hensley v. Eckerhart*, 481 U.S. 424, 433 (1983)). The Commissioner argues that 68 hours is unreasonable because Claimant's

7

attorney raised routine arguments, cited well-established case authority for simple legal propositions, has extensive experience litigating Social Security claims such that she should be more efficient in presenting her arguments, and billed time for tasks that could have been delegated to a non-attorney. Comm.'s Resp. to Cl.'s Mot. for Att'y Fees 6-7, ECF No. 31; Comm.'s Resp. to Cl.'s Supplement 2-4, ECF No. 35.

The Court notes that 68 hours is not completely outside the realm of reasonableness for a Social Security disability case. *See, e.g., Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (finding the "permissible range" to be, "generally speaking," 40 to 60 hours); *Porter v. Barnhart*, No. 04 C 6009, 2006 WL 1722377, at *4 (N.D. Ill. June 19, 2006) (awarding 88.2 hours of attorney's fees). In addition, the Seventh Circuit has noted that "[l]awyers do not come from cookie cutters," *Gusman v. Unisys Corp.*, 986 F.3d 1146, 1150 (7th Cir. 1993), and this Court has stated that it "is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in another." *Delgado v. Astrue*, No. 11 C 2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012).

Claimant has provided a billing statement detailing the hours his attorney spent reviewing a voluminous record, researching legal issues, and drafting various motions and briefs. Cl.'s Mot. for Att'y Fees Exh. A, ECF No. 29-1; Cl.'s Supplement, ECF No. 34. Indeed, the administrative record in this case exceeded 1,000 pages, and Claimant's attorney was granted leave to file a brief in excess of 15 pages in support of his motion for summary judgment due to the length and complexity of the administrative record and the ALJ's eight-page decision (ECF Nos. 14, 17). The Court finds the majority of the hours spent by Claimant's attorney on this case are within range of reason.

There are some entries in Claimant's attorney's billing statements, however, that the Court agrees with the Commissioner are unduly vague or excessive. Claimant's attorney billed a total of 2.4 hours in August 2012 for work that is largely clerical or administrative in nature, including the preparation of a civil cover sheet, an application to proceed in forma pauperis, and review of the district court's minute entry granting Claimant's motion to proceed in forma pauperis and setting an initial briefing schedule in the underlying matter. Although the Court does not doubt that Claimant's attorney spent the time to do these clerical or administrative tasks, the time spent by an attorney on such tasks is not reimbursable at the same rate as the attorney's legal work.

In determining the number of hours reasonably expended by counsel in litigation, a court "should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999); *see also Davenport v. Astrue*, 2008 WL 2691115, at *8 (N.D. Ill. July 3, 2008) (deducting time spent reviewing court orders determining when the Commissioner's answer was due and setting briefing schedules); *Maki v. Astrue*, 2008 WL 4830085, at *3 (E.D. Wisc. Oct. 29, 2008) (deducting "the time counsel spent filing forms and documents with the court and drafting routine filings which generally are prepared by support staff"). Accordingly, the Court agrees with the Commissioner that Claimant is not entitled to these fees and reduces counsel's August 2012 time by 0.8 hours.

In addition, Claimant's attorney billed three hours on October 20, 2012 to "Review Jurisdiction." Cl.'s Mot. for Att'y Fees Exh. A, ECF No. 29-1; Cl.'s Supplement, ECF No. 34. Claimant has provided no further explanation for this vague entry. Claimant's attorney is an

9

experienced Social Security benefits attorney and there was no special jurisdictional issue raised in this case. Thus, her spending three hours to "review jurisdiction" here is vague as to the legal work performed and seems to be "excessive, redundant, and otherwise unnecessary." *Seabron*, 2012 WL 1985681, at *1 (citing *Hensley*, 481 U.S. at 433). The Court denies these fees. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or . . . reduce the proposed fee by a reasonable percentage."); *Johnson v. G.D.F., Inc.*, 2014 WL 463676, at *14 (N.D. Ill. Feb 5, 2014) (denying fees where the attorney's time entries "lack[ed] sufficient description for the Court to understand what work was performed and if such work is compensable").

The Court also reduces counsel's December 2012 time by a total of 5.5 hours. First, counsel's billing sheet represents she spent 3.0 hours on December 14 for "Treating Physician's rule," with no further explanation as to how that time was allotted. Cl.'s Supplement 4, ECF No. 34. The Court assumes this vague entry refers to the time Counsel spent drafting the argument in Claimant's memorandum in support of summary judgment that the ALJ erred in evaluating the opinion of Dr. DePhillips, Claimant's neurosurgeon. *See* Cl.'s Memo. 11-13, ECF No. 16. In making this argument in the memorandum, however, counsel appears to have spent much of her time recapping what Dr. DePhillips' medical records said. *See id.* at 11-12. Indeed, the memorandum contains only one short paragraph setting forth the treating physician rule. *Id.* at 12. Counsel already billed 4.2 hours on December 2 for "Dr. DePhillips, State Agency Doctor [sic] Gotway and Patel," 3.0 hours on December 9 for "Medical review," and 3.8 hours on December 10 for "Reviewing Dr. Dr. [sic] DePhillips and Patel. Compare to State." Cl.'s Supp.

3-4, ECF No. 34. The Court reduces the hours expended for "Treating Physician's rule" by half, or 1.5 hours.

Second, Counsel's billing sheet represents she spent a total of 14.0 hours on December 16 and December 17 for "7 Factors of credibility, case law and checking, proof reading, ALJ decision review" [sic] and "Proof read, checked case law, ALJ decision, Motion to Expand Brief, Try to get minimal pages" [sic]. These entries, 8.0 hours and 6.0 hours respectively, are vague, redundant, and appear to be excessive without a more detailed description from counsel. The Court reduces counsel's time on these entries from 14.0 hours to 10.0 hours.

The Court has considered the Commissioner's other requests concerning Claimant's attorney's fees and believes the remainder of the time billed is within the range of reasonableness under the circumstances of this case. Accordingly, Claimant may recover attorney's fees in the amount of $10,452.43, broken down as follows:

- July 2012: 2.0 hours x $177.23 = $354.46;
- August 2012: 1.6 hours x $178.31 = $285.29;
- October 2012: 11.4 hours x $178.52 = $2,035.12;
- December 2012: 31.8 hours x $177.41 = $5,641.63; and
- March 2013: 11.9 hours x $179.49 = $2,135.93.

4. **Remaining Issues**

The Commissioner contends that any fee award in this case must be paid directly to Claimant, rather than his attorney. Comm.'s Resp. to Cl.'s Mot. for Att'y Fees 7, ECF No. 31. The Seventh Circuit has held that if a claimant has assigned his right to a fee award to his lawyer in advance, as is the case here, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what [he] owes [his]

11

lawyer." *Mathews–Sheets*, 653 F.3d at 565. Claimant's "Assignment of EAJA Fee" is attached to his motion for attorney's fees. Cl.'s Mot. for Att'y Fees Exh. B, ECF No. 29-2. There is no indication that Claimant has outstanding debts, "so to ignore the [fee] assignment and order the fee paid to [Claimant] would just create a potential collection problem for the lawyer." *Mathews-Sheets*, 653 F.3d at 565–566. Accordingly, the Court denies the Commissioner's request. Any EAJA fees awarded shall be made payable directly to Claimant's attorney pursuant to the assignment of fees in Claimant's fee agreement with his counsel.

Lastly, Claimant requests printing costs in the amount of $108.60. Claimant's attorney printed a 1,086-page administrative record for her own convenience. Claimant now seeks to recover from the Commissioner ten cents for every page his attorney chose to print. This is unreasonable, and Claimant's request for costs is denied.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Claimant's Motion for Attorney's Fees, Expenses and Costs under the EAJA (ECF No. 29) and awards him the amount of $10,452.43. This amount, after any applicable offset permitted by law, is to be made payable to Claimant's counsel. If a separate order is required in this regard, the parties shall submit a Proposed Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 2, 2015